AUGUST ALBERTS, Appellant, *v.* SEMON BACHE and Others, Respondents.

*Master and servant — action for a personal injury — nominal damages — not a ground of reversal where defendant was negligent.*

In an action brought by an employee against his employer to recover damages for a personal injury alleged to have been caused by the employer's negligence, a judgment entered on a verdict for nominal damages will not be reversed on the ground of the inadequacy of the damages, where, although the damages would be inadequate if the plaintiff was entitled to recover, it appears from the plaintiff's evidence that the defendant was not negligent and that the accident was caused solely by the negligence of the plaintiff and of a co-employee.

APPEAL by the plaintiff, August Alberts, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 2d day of June, 1892, and from an order denying the plaintiff's motion for a new trial, made upon the minutes, entered in said clerk's office on the 7th day of December, 1892.

The case was tried at the New York Circuit and resulted in a verdict for the plaintiff for six cents damages, which entitled the defendants to costs. Judgment was accordingly entered in favor of the defendants for their taxed costs and disbursements, less six cents, the amount of the verdict. From this judgment the plaintiff appealed.

*August P. Wagner*, for the appellant.

*Sol Kohn*, for the respondents.

FOLLETT, J.:

This action was brought by an employee against his employers to recover damages for a personal injury alleged to have been caused by their negligence. The defendants were cutters of and dealers in glass, having a factory at 443 and 453 Greenwich street, New York. The business of the defendants was divided into three departments — the window glass department, the plate glass department and the silvered French plate department. A foreman was employed to supervise the operations of each department. About 306 persons were

employed in the factory. At the date of the accident, February 7, 1885, the plaintiff had been employed in the window glass department for about three years. His principal duties were to cut glass, but occasionally he assisted in removing glass packed in boxes to and from the factory. On the occasion in question a large number of boxes of glass were standing on their ends on the sidewalk in front of the factory. The boxes did not stand squarely on their ends, but inclined from the street and towards the factory. It became necessary to load part of these boxes on trucks for shipment Gorman, the foreman, was engaged in overseeing the shipment. Bergen, a porter, was engaged in removing the boxes. The foreman, needing another man to assist in the work, asked the defendant to send some person to assist. The plaintiff was sent, and assisted Bergen in removing boxes from the walk to the truck. The average weight of the boxes was from 150 to 160 pounds. A particular box, standing behind three or four boxes, was required to fill an order. To get this it was necessary to move forward three or four boxes standing in front of the one they wished to reach. This was not an unusual operation in the business and was accomplished in one of two ways, as suited the convenience of the workmen. Sometimes the outer box was turned so as to stand edgewise to the boxes in the rear, so as to support those which were tipped or moved forward, in order to gain access to the box required. At other times a laborer would stand in front of the boxes and pull them forward on to his shoulder, holding them in that position until the box sought was removed, and then tip them back into place. The plaintiff and Bergen were engaged in removing a box which was fourth or fifth in a row. Instead of supporting the boxes in the mode first described, Bergen, who was called by the plaintiff, testified : " I told plaintiff to hold up these boxes until I got out a certain box I wanted.

" Q. Wouldn't each box stand on its end when it was lifted up in a perpendicular position ? A. No.

" Q. How wide were they at the bottom ? A. Three or four inches.

" Q. And they had to be supported or else they would turn over ? A. Yes.

" Q. You lifted them up one at a time ? A. Yes, one at a time.

" Q. And he (plaintiff) stood in front, and as you lifted up the box he held it ? A. Yes.

" Q. And you continued it until you had lifted up three or four, and he was standing there holding them up ? A. Yes, and then they overbalanced him and they came down upon him."

The plaintiff testified that the foreman did not tell him how to take out the box. The foreman, who was called by the plaintiff, testified that he directed the plaintiff to assist Bergen in getting the cases out, but did not tell him to select one from among the number that fell. He also testified that he had authority to direct how the men in the window glass department should be employed, and that he could have ordered as many men to do that work as he thought necessary, and that there were twenty or thirty men then working in his department. Whether the accident was caused by the boxes being tipped too far forward, so as to bring great weight upon the plaintiff, does not clearly appear. However, the evidence tends to show that this was the cause of the accident. The theory upon which the plaintiff sought to recover was that the defendants did not furnish a sufficient number of men to do the work. Assuming that more men should have been employed in removing this particular box, it was the fault of the foreman, and not the defendants. The foreman testified that, at the time of the accident, five or six men were at work on the sidewalk handling boxes. The plaintiff asked for no assistance, nor did Bergen, to handle this particular box. So it appears from the evidence introduced on behalf of the plaintiff that the defendants did furnish a sufficient force to do the work in which the plaintiff was engaged. The learned counsel for the plaintiff also insists that the plaintiff was entitled to recover because he was directed to do work that was dangerous, and of a kind that he was unaccustomed to perform. The plaintiff testified that he had been a glass cutter for nine years, and could tell the weight of plates of glass; that he had packed it and handled it when in boxes.

The plaintiff had a verdict for six cents, and his counsel insists that the damages awarded were inadequate, which is the only ground upon which a reversal of the judgment is asked. The damages are inadequate if the plaintiff was entitled to recover, but we think that the evidence introduced in behalf of the plaintiff shows that the defendants were not in any way negligent, and that the accident

was caused solely by the negligence of the plaintiff and his co-employee, Bergen. This case has been twice tried. At the close of the first trial, the plaintiff was nonsuited, but a new trial was granted (32 N. Y. St. Repr. 1014), on the ground that whether the defendants were negligent in not employing a sufficient number of men to do this work should have been submitted to the jury, and, also, that whether plaintiff had knowledge of the risks of the service in which he was engaged should have been submitted to the jury. The evidence on the trial under review seems to have been quite different from the evidence on the first trial, and we think we have shown that from the plaintiff's own evidence that the defendants were not negligent in either respect.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment affirmed, with costs.